**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————
**SECURITIES AND EXCHANGE COMMISSION,**

               Plaintiff,

   - against –

**VLADIMIR STEVEN ZUBKIS, ET AL.,**

               Defendants.
————————————————————————

**97 Civ. 8086 (JGK)**

**MEMORANDUM OPINION & ORDER**

**JOHN G. KOELTL, District Judge:**

    Pursuant to Local Civil Rule 6.3, defendant Zubkis has filed a motion for reconsideration of this Court's Opinion and Order dated June 30, 2005. See SEC v. Zubkis, No. 97 Civ. 8086, 2005 WL 1560489 (S.D.N.Y. Jun. 30, 2005). In that Opinion, familiarity with which is assumed, the Court found that defendant International Brands, Inc. ("IBI") was an alter ego of defendant Zubkis, and granted the motion of the Securities and Exchange Commission (the "Commission") for sale of a yacht to which IBI had legal title (the "Yacht"), and turnover of the proceeds to be used to satisfy a disgorgement award against Zubkis. See id.

    The standards for granting a motion for reconsideration are well established and are the same as those governing former Local Civil Rule 3(j). See Certain Underwriters at Lloyd's London v. ABB Lumus Global, Inc., No. 03 Civ. 7248, 2004 WL 1286806, at *3 (S.D.N.Y. Jun. 10, 2004) (citing United States v.

1

Letscher, 83 F.Supp.2d 367, 382 (S.D.N.Y. 1999) (collecting cases)). The moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motions. See Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam); Nakano v. Jamie Sadock, Inc., 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. Jul. 20, 2000); Walsh v. McGee, 918 F.Supp. 107, 110 (S.D.N.Y. 1996); In re Houbigant, 914 F.Supp. 997, 1001 (S.D.N.Y. 1996); see also, Certain Underwriters, 2004 WL 1286806, at *3. The rule is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Walsh, 918 F.Supp. at 110; see also, see also, Certain Underwriters, 2004 WL 1286806, at *3.

Defendant Zubkis has failed to demonstrate that the Court overlooked any controlling law or facts. Zubkis argues, for the first time, that the Court's conclusion that Zubkis transferred the Yacht to IBI without consideration was incorrect because the Yacht was transferred in exchange for the settlement a $45,000,000 debt with IBI. (Motion for Reconsideration, filed Jul. 15, 2005.) Because this argument was not put before the Court in the underlying motion, it is not properly considered on a motion for reconsideration. See Eisemann, 204 F.3d at 395 n.2; Weschler v. Hunt Health Sys., Ltd., 186 F.Supp.2d 402, 410-

2

11 (S.D.N.Y. 2002). Moreover, Zubkis has demonstrated no facts to support these arguments. Zubkis offers only unsworn statements that are unsupported by any evidence of such a transaction from either Zubkis or IBI, and which are inconsistent with Zubkis's previous deposition testimony, in which he testified that he transferred ownership of the Yacht to IBI in exchange for 46 million shares of IBI stock. (See Aug. 29, 2003, Deposition of Vladislav Steven Zubkis at 83-84, 99-100, attached at Ex. 1 to Supplemental Declaration of John J. Graubard Pursuant to Order of April 28, 2005, dated May 10, 2005.)

The motion for reconsideration is therefore **denied**.

**SO ORDERED.**

**Dated:** **New York, New York**
**July 23, 2005**

John G. Koeltl
United States District Judge